UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FELIX CARRILLO, NESTOR JUAREZ, RAFAEL GUTIERREZ, ROGELIO ONOFRE, GUSTAVO JUAREZ, TONY ARANDA, DIONISIO ITURBIDE, and JOSE MANUEL MALAGA, individually and on behalf of others similarly situated,

                              Plaintiffs,

-against-

JUST SALAD PARTNERS LLC, JUST SALAD GP LLC, JUST SALAD 320 PARK AVE. LLC, JUST SALAD 30 ROCK LLC, JUST SALAD LLC, JUST SALAD FRANCHISE LLC, NICK KENNER and ROB CRESPI,

                              Defendants.
-----------------------------------------------------------------X

Docket No.: 11-CV-6152 (RMB)(FM)

**SETTLEMENT AGREEMENT**

## SETTLEMENT, RELEASE, WAIVER AND NON-DISCLOSURE AGREEMENT

1. This Settlement, Release, Waiver, and Non-Disclosure Agreement (hereinafter "Agreement") is entered into this 14 day of November, 2012 between Plaintiffs, FELIX CARRILLO, NESTOR JUAREZ (a/k/a ALVARO LOZANO), RAFAEL GUTIERREZ, ROGELIO ONOFRE, GUSTAVO JUAREZ, TONY ARANDA, DIONISIO ITURBIDE, JOSE MANUEL MALAGA and opt-in plaintiffs, PEDRO ROMERO (a/k/a PEDRO VAZQUEZ), ANDRES MALDONADO (a/k/a ANDRES MIRON) and PABLO GARCIA, on their behalf and on behalf of their heirs, executors, administrators, successors, assigns, agents and representatives (hereinafter collectively referred to as "Plaintiffs"[1]) and the Defendants JUST SALAD PARTNERS LLC, JUST SALAD GP LLC, JUST SALAD 320 PARK AVE. LLC, JUST

---

[1] As there are eleven (11) Plaintiffs subject to this agreement, the term "Plaintiffs" refers to the Plaintiff singularly or plural as necessary to achieve the intended meaning of each paragraph herein. By way of example, the confidentiality provisions herein apply to each plaintiff separately. As such, one plaintiff, on their own could violate this agreement (not needing the other ten (10) plaintiffs to contemporaneously violate this provision to qualify as a violation) and such plaintiff would be subject to the penalties stated herein.

SALAD 30 ROCK LLC, JUST SALAD LLC, JUST SALAD FRANCHISE LLC, NICK KENNER and ROB CRESPI, on their behalf, and on behalf of their past and present officers, directors, administrators, employees, attorneys, agents, representatives, affiliates, related entities, and assigns, including, (hereinafter collectively referred to as "Defendants"), in settlement of any and all disputes between the parties and/or out of Plaintiffs' alleged wage and hour claims while employed by the Defendants.

2. Specifically, this Agreement includes, but is not limited to, all claims regarding or arising out of Defendants' payment of wages, or failure to adequately pay wages to Plaintiffs during employment with Defendants, pursuant to federal, state and/or local laws as alleged by Plaintiffs in their complaint and associated filings with the Court, as well as any interest or fees arising therefrom, and any tort or action sounding in civil rights, retaliation or discrimination claims, any claim for defamation; any claim for equitable or injunctive relief; or, recovery of punitive, liquidated, compensatory, or other damages or monies or attorneys' fees.

3. Furthermore, to the extent not covered in the preceding paragraph, this Agreement extends to all claims asserted by Plaintiffs, whether individually, collectively or on a class basis in the United States District Court for the Southern District of New York, entitled, *FELIX CARRILLO, NESTOR JUAREZ, RAFAEL GUTIERREZ, ROGELIO ONOFRE, GUSTAVO JUAREZ, TONY ARANDA, DIONISIO ITURBIDE, and JOSE MANUEL MALAGA, individually and on behalf of others similarly situated, v. JUST SALAD PARTNERS LLC, JUST SALAD GP LLC, JUST SALAD 320 PARK AVE. LLC, JUST SALAD 30 ROCK LLC, JUST SALAD LLC, JUST SALAD FRANCHISE LLC, NICK KENNER and ROB CRESPI*, Docket No. 11-CV-6152(RMB) (the "Federal Court action").

4. It is expressly understood that this Agreement has been entered into by Defendants solely for the purpose of avoiding further expense in connection with litigating any and all claims and/or disputes, whether asserted or unasserted, that Plaintiffs have or could have against Defendants to the date this Agreement is fully executed by the parties. Accordingly, Defendants continue to maintain that Plaintiffs' allegations are wholly without merit and that Defendants acted properly and in accordance with all applicable laws at all relevant times. This Agreement and the settlement it represents is by no means an admission of fault, guilt, or responsibility on the part of Defendants. Further, this Agreement and the settlement it represents does not constitute an admission by Defendants of any violation of any federal, state or local law; the breach of any duty whatsoever, whether based upon statute, common law, contract, or otherwise; or that Plaintiffs have suffered any damages.

5. Plaintiffs expressly recognize there are many laws and regulations regulating wage and hour payments by employers to employees pursuant to which they may have rights or claims. These include, without limitation, New York State Labor Law, the Fair Labor Standards Act, New York Codes Rules and Regulations and other federal, state and local laws. Plaintiffs also understand there are other statutes and laws of contract and/or tort otherwise relating to the claims they asserted in the Federal Court action. Plaintiffs hereby waive and release any rights they may have under all of these and other laws.

6. In consideration of the representations, assurances, and release contained herein, Defendants agree, that on or before September 14th, 2012 <u>and after receipt of this Agreement and all exhibits and the affirmation of Michael Faillace, fully executed by Plaintiffs and their counsel where required,</u> to forward a draft, made payable as follows: ONE HUNDRED TEN THOUSAND DOLLARS AND 00/100 DOLLARS ($110,000.00), made payable to Law Offices

of Michael Faillace, as attorneys for Felix Carrillo, Nestor Juarez, Rafael Gutierrez, Rogelio Onofre, Gustavo Juarez, Tony Aranda, Dionisio Iturbide, Jose Manuel Malaga, Pedro Romero, Andres Maldonado and Pablo Garcia. The check will be provided directly to Plaintiffs' counsel. Plaintiffs' counsel will disburse the settlement funds to each Plaintiff, and Plaintiffs and their counsel release Defendants from any dispute regarding the disbursement of precise sums to each plaintiff. As such, Plaintiffs' counsel agrees to provide Defendants' counsel with a copy of each 1099 form issued by their office to each Plaintiff in connection with the disbursement of the settlement funds. Defendants will provide Plaintiffs' counsel with a 1099 for the aforementioned one hundred ten thousand and 00/100 dollar ($110,000.00) forwarded draft.

7.  In consideration of the method of payment outlined in paragraph 6, Plaintiffs agree that they will be solely responsible for the payment of any applicable taxes owed by them, if any, in regard to the aforementioned payment. Further, each of Plaintiffs agree that he will be solely responsible for the payment of any applicable taxes owed by him, if any, in connection with the disbursement of the lump sum payment to each individual Plaintiff. That, in the event a governmental authority or agency causes Defendants to incur any expense because of Plaintiffs' failure to pay taxes in connection with this settlement, or its disbursement, Plaintiffs agree to indemnify and hold harmless Defendants for such failure to pay these taxes. If Plaintiffs or Plaintiffs' counsel receive any notice of tax disputes, they shall forward same immediately to Defendant's counsel. If Defendants receive any notice of tax disputes from a governmental authority, they shall forward it to Plaintiffs' counsel.

8.  In consideration of the payment described in paragraph number 6, each Plaintiff releases and forever discharges Defendants and their past and present officers, directors, administrators, employees, attorneys, agents, representatives, affiliates, related entities, and

assigns from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which Plaintiffs ever had, now has, or which may arise in the future regarding any matter arising on or before the date this Agreement is executed by the parties, including, but not limited to, any and all claims regarding the alleged failure of Defendants to comply with wage and hour laws while employed by any of the Defendants asserted in the aforementioned federal court action, regarding any claim for equitable and injunctive relief or recovery of punitive, compensatory, or other damages or monies, attorneys' fees, any tort, and any and all civil rights claims arising under the United States or New York State Constitutions, or any federal, state, or local statutes.

9. Pursuant to and as part of Plaintiffs' complete and total release of Defendants, Plaintiffs agree that, other than pursuant to a valid subpoena or court order commanding attendance or testimony or as otherwise consistent with the applicable law, never to sue or file a charge, complaint, grievance or a demand for arbitration in any forum, or assist or participate willingly or voluntarily in any claim, arbitration, suit, action, investigation or other proceeding of any kind which relates to any matter that involves Defendants for conduct that occurred prior to the date this Agreement is executed by the parties. Further, to the extent that any such proceeding has been or may be brought, Plaintiffs expressly waive their right to any form of monetary damages or other damages, or any form of recovery or relief, including injunctive and equitable, in connection with such proceeding or in connection with any proceeding, pending or brought by a third party.

10. Plaintiffs and Defendants understand and agree that except in connection with a lawful subpoenaed deposition or court order, Plaintiffs and Defendants expressly agree that they

5

will not speak disparagingly, derogatorily or in a defamatory manner about this dispute or each other or its past and present officers, directors, administrators, employees, agents, affiliates, related entities, and assigns.

11. Plaintiffs acknowledge and agree that a breach of the non-disparagement provision in paragraph numbered "10" above, will cause great damage and injury to Defendants, and that such provision provides a material element of Defendants' consideration for an inducement to enter into this Agreement. Accordingly, it is expressly agreed and understood that should there be a judicial determination that Plaintiffs breached such provision, Defendants will be entitled to liquidated damages in the amount of $10,000.00 (Ten Thousand) Dollars, in addition to other remedies it may have in law or equity, including an injunction in a court of law to restrain Plaintiffs from violating the non-disparagement provision of this Agreement. This includes the payment of reasonable attorney fees incurred by Defendants to prove a breach of this Agreement by Plaintiff or to compel their compliance with the terms of this Agreement.

12. Plaintiffs and their attorney agree to provide Defendants' attorneys with a Stipulation of Discontinuance with Prejudice in the aforementioned federal court action within three (3) business days of execution of this Agreement in the form annexed hereto as Exhibit A. This Stipulation of Discontinuance with Prejudice will be held in escrow by Defendants until counsel for the Plaintiffs receives the settlement check referenced in paragraph six (6) of the Agreement.

13. Each Plaintiff further agrees to provide Defendants' attorney with a fully executed Medicare Release form annexed as Exhibit B to this Agreement.

6

14. Plaintiffs' lead counsel Michael Faillace agrees to provide Defendants' attorney with an executed Affirmation Regarding the Status of Plaintiffs, annexed as Exhibit C to this Agreement.

15. The terms of this Agreement, including all facts, circumstances, statements, and documents relating hereto, shall not be admissible or submitted as evidence in any litigation in any forum for any purpose other than to secure enforcement of the terms and conditions of this Agreement.

16. The validity and construction of this Agreement shall be governed by the laws of the State of New York without regard to its conflicts of law principles. The parties agree that any disputes concerning the enforcement or interpretation of this Agreement shall be tried in the United States District Court, Southern District of New York; the parties consent to the exclusive jurisdiction of such court for said purpose.

17. If any of the provisions, terms or clauses of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, those provisions, terms and clauses shall be deemed severable such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon all parties.

18. The failure of either party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of the Agreement.

19. This Agreement sets forth the entire agreement between Plaintiffs and Defendants and supersedes any and all prior oral and/or written agreements between them. This Agreement may not be altered, amended or modified except by a further writing signed by all the parties to this Agreement.

20. Plaintiffs acknowledge that their signatures below indicate that they have had a reasonable time to consider this Agreement and is entering into this Agreement freely, knowingly and voluntarily, having consulted with and having obtained the advice of counsel, without duress, coercion or undue influence and with a full and free understanding of its terms.

21. Plaintiffs have read this Agreement in its entirety, fully understands its terms, and have been given the necessary time, and interpreter if necessary, to consider its contents. Plaintiffs understand that the only promises made to them to sign this Agreement are those stated herein. Plaintiffs have been provided this document by their counsel and have consulted legal counsel of their choice before signing this Agreement. Further, Plaintiffs acknowledge that they are signing this Agreement knowingly and voluntarily.

22. By signing this Agreement below, the parties indicated hereunder agree to and accept the provisions contained herein.

| | |
|---|---|
| Michael Faillace & Associates, P.C.<br>Attorneys for Plaintiffs | Miranda Sambursky Slone<br>Sklarin Verveniotis LLP<br>Attorneys for the Defendants |
| By: _____<br>Date: _____<br>Michael Faillace (MF-8436) | By: _____/s/_____<br>Date: _11-17-12_<br>Michael A. Miranda (MAM-6413) |
| 60 E. 42nd Street, Suite 2020<br>New York, NY 10165<br>(212) 317-1200 | 240 Mineola Boulevard<br>Mineola, NY 11501<br>(516) 741-7676 |
| _____<br>Felix Carrillo, Plaintiff | _____<br>JUST SALAD PARTNERS LLC, JUST SALAD GP LLC, JUST SALAD 320 PARK AVE. LLC, JUST SALAD 30 ROCK LLC, JUST SALAD LLC, JUST SALAD FRANCHISE LLC, JUST SALAD 706 6th AVE LLC, NICK KENNER and ROB CRESPI, Defendants |

_____
Nick Kenner
Date: 11/8/2012

_____
Nestor Juarez, Plaintiff
Date: _____

_____
Rafael Gutierrez, Plaintiff
Date: _____

_____
Rogelio Onofre, Plaintiff
Date: _____

_____
Gustavo Juarez, Plaintiff
Date: _____

20.     Plaintiffs acknowledge that their signatures below indicate that they have had a reasonable time to consider this Agreement and is entering into this Agreement freely, knowingly and voluntarily, having consulted with and having obtained the advice of counsel, without duress, coercion or undue influence and with a full and free understanding of its terms.

21.     Plaintiffs have read this Agreement in its entirety, fully understands its terms, and have been given the necessary time, and interpreter if necessary, to consider its contents. Plaintiffs understand that the only promises made to them to sign this Agreement are those stated herein. Plaintiffs have been provided this document by their counsel and have consulted legal counsel of their choice before signing this Agreement. Further, Plaintiffs acknowledge that they are signing this Agreement knowingly and voluntarily.

22.     By signing this Agreement below, the parties indicated hereunder agree to and accept the provisions contained herein.

Michael Faillace & Associates, P.C.  
Attorneys for Plaintiffs

By: _____  
Date: 11-14-12  
Michael Faillace (MF-8436)

60 E. 42nd Street, Suite 2020  
New York, NY 10165  
(212) 317-1200

_____  
Felix Carrillo, Plaintiff

Miranda Sambursky Slone  
Sklarin Verveniotis LLP  
Attorneys for the Defendants

By: _____  
Date: _____  
Michael A. Miranda (MAM-6413)

240 Mineola Boulevard  
Mineola, NY 11501  
(516) 741-7676

_____  
JJUST SALAD PARTNERS LLC, JUST SALAD GP LLC, JUST SALAD 320 PARK AVE. LLC, JUST SALAD 30 ROCK LLC, JUST SALAD LLC, JUST SALAD FRANCHISE LLC, JUST SALAD 706 6th AVE LLC, NICK KENNER and ROB CRESPI, Defendants

_____
Nestor Juarez, Plaintiff
Date: 11-12-12

_____
Rafael Gutierrez, Plaintiff
Date: 11-12-12

_____
Rogelio Onofre, Plaintiff
Date: 11/12/12

_____
Gustavo Juarez, Plaintiff
Date: 11-14-12

_____
Nick Kenner
Date: _____

9

_____
Tony Aranda, Plaintiff
Date: 11-12-12

_____
Jose Manuel Malaga, Plaintiff
Date:

_____
Pedro Romero (a/k/a Pedro Vazquez)
Plaintiff
Date: 11-12-12

_____
Andres Maldonado (a/k/a Andres Miron)
Plaintiff
Date: 11-13-12

_____
Pablo Garcia
Plaintiff
Date: 11-8-12

_____
Dionisio Iturbide
Plaintiff
Date: 11-8-12

Note: this signature page can be executed in counterparts and facsimile or electronic mail versions of same are to be considered an original for purposes of execution. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof. This notwithstanding, Defendants do require an original of all signatures to this page as well as all attachments hereto to be forwarded to our office contemporaneous with their execution.